MATTER OF CHOW

In DEPORTATION Proceedings

A-15863660

*Decided by Board February 24, 1964*

Designation of country of deportation within step 3 of section 243(a), Immigration and Nationality Act, is solely within the discretion of the Attorney General and there are no limitations as to priority or preference because of the order named in the statute.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—crewman

The respondent appeals from an order of the special inquiry officer denying a motion to reopen the proceedings to permit a change in the alternate order of deportation from the Netherlands to Hong Kong. Counsel on appeal urges error in that the special inquiry officer has arbitrarily directed the respondent's deportation to Netherlands whereas the respondent is a Chinaman whose family resides in Hong Kong and he was last a resident of Hong Kong.

The respondent has been found deportable as a nonimmigrant crewman who remained in the United States longer than permitted. An order entered by the special inquiry officer on November 4, 1963, granted the respondent the privilege of voluntary departure in lieu of deportation. The order also contained alternative orders of deportation to the Republic of China on Formosa, the Netherlands and Hong Kong in the event the respondent failed to depart when and as required.

A notice requiring the respondent's departure by December 10, 1963, was forwarded to him on November 19, 1963. He failed to depart and a warrant for his deportation was issued on December 23, 1963. The District Director at New York was notified on November 6, 1963, that the respondent would not be accepted for deportation by the Republic of China on Formosa. The respondent has been advised that he will be deported to the Netherlands.

Counsel maintains that since the respondent has travel documents which will permit him to enter both Hong Kong and the Netherlands then under such circumstances there should be proper standards for reaching a determination as to which country the alien will be deported. Counsel refers to the fact that this Board has designated certain standards to guide the special inquiry officer in reaching a determination as to whether the grant of voluntary departure is warranted. *Matter of M—*, 4 I. & N. Dec. 626. Counsel maintains that although the statute (section 243(a), Immigration and Nationality Act, 8 U.S.C. 1253(a)) permits the Attorney General a certain amount of discretion as to what country an alien may be deported, there should be limitations on this power, when there are factors present which indicate that the alien is more closely identified with one country than he is with another and both countries are willing to accept him.

The standard for reaching a determination as to what country an alien may be deported is clearly set forth in the statute (section 243(a), *supra*). We see no need to supplement the plain language setting forth the authority granted the Attorney General. Under section 243(a) an alien must be deported "to a country *promptly* designated by the alien if that country is willing to accept him" unless the Attorney General "in his discretion" concludes that deportation to such country would be prejudicial to the best interests of the United States. (Emphasis supplied.) The alien is limited to "one such designation" and he may not designate a foreign contiguous territory or adjacent islands unless he is a native, national, or resident of such contiguous territory or adjacent island.

Where the country designated by the alien or the country of his citizenship is unwilling to accept him, the statute provides the Attorney General with discretion to deport the alien to any of six different categories of countries or places with which the alien may have had some prior association. Subparagraph (7) of section 243(a) reads "if deportation to any of the foregoing places or countries is impracticable, inadvisable, or impossible, then to any country which is willing to accept such alien into its territory." The statute also provides, that when the Attorney General has to resort to ordering the alien's deportation to any of the seven categories named in the statute, "then such deportation shall be directed by the Attorney General *within his discretion* and without necessarily giving any *priority or preference* because of their order . . ." as set forth in the statute. (Emphasis supplied.)

The respondent in the instant case refused to make any designation of the country to which he desired to be returned in the event of an order of deportation. When it was determined that the country of his nationality and citizenship would not accept him and upon the

making of this motion, the Immigration Service offered to effect the respondent's deportation to Hong Kong. The offer was refused and the respondent elected to proceed with this motion. ·

Under the circumstances there is no substance to respondent's motion. The alternate country to which an alien may be deported is solely within the discretion of the Attorney General and there are no limitations as to the priority or preference because of the order named in the statute. The wide discretion given the Attorney General by subparagraph (7) of section 243(a) is obviously intended to avoid arbitrary restrictions on the places to which a deportable alien may be sent. *Chan Chuen* v. *Esperdy*, 285 F. 2d 353, 354 (C.A. 2, 1960). Counsel's argument that this Board should set up certain standards for the exercise of the authority granted the Attorney General by section 243(a) is not in accord with the intent and purpose of the statute.

The respondent in the instant case did not avail himself of the opportunity granted him as a matter of right. He is in no position to ask for relief at this time. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.